## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sierra Petroleum Company, Inc., an Illinois corporation, | Civil No. 07-1112 (DWF/AJB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND MEMORANDUM** |
| Pat's 66, Inc., d/b/a Pat's Shell; and Patrick D. Meyer and Cindy D. Meyer, individuals, | |
| Defendants. | |

_____

| | |
|---|---|
| Sierra Petroleum Company, Inc., an Illinois corporation, | Civil No. 07-1501 (DWF/AJB) |
| Plaintiff, | |
| v. | |
| CD Petro Marketing LLC and First American Enterprises, LLC, | |
| Defendants. | |

Mark Blumstein, Esq., Moises Melendez, Esq., and Paula J. Phillips, Esq., Gordon Hargrove & James; and Russell S. Ponessa, Esq., Hinshaw & Culbertson LLP, counsel for Plaintiff.

Ansis V. Viksnins, Esq., Lindquist & Vennum PLLP, counsel for Defendants Pat's 66, Inc., Patrick D. Meyer, and Cindy D. Meyer.

Kirsten J. Libby, Esq., and Teresa K. Patton, Esq., Strusinski, Libby & Associates, PA, counsel for Defendants CD Petro Marketing LLC and First American Enterprises, LLC.

This matter is before the Court on the objections of Defendants Pat's 66, Inc., Patrick D. Meyer, and Cynthia D. Meyer (collectively "Pat's 66") (Civ. No. 07-1112 (DWF/AJB), Doc. No. 93) and the objections of Defendants CD Petro Marketing LLC, and First American Enterprises, LLC (collectively "CD Petro") to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") dated November 6, 2007 (Civ. No. 07-1112 (DWF/AJB), Doc. No. 92; Civ. No. 07-1501 (DWF/AJB), Doc. No. 35).  In that R&R, Magistrate Judge Boylan recommended that the District Court grant Sierra Petroleum's Motion to Enforce Settlement Agreement and enter an Order for Judgment in favor of Plaintiff Sierra Petroleum and against Defendants Sierra Petroleum, Pat's 66, Patrick Meyer, Cindy Meyer, CD Petro, and First American jointly in the amount of $330,000 plus 5% simple interest accruing from August 2, 2007, as well as damages for reasonable attorney fees, costs, and disbursements incurred by Sierra Petroleum in moving to enforce the settlement agreement.  Additionally, it was recommended that the District Court deny Pat's 66's Motion to Enforce Settlement Agreement against CD Petro as this issue should be resolved by the state courts because the federal court lacks subject matter jurisdiction to enforce the side agreement made out of court between CD Petro and Pat's 66.

Plaintiff Sierra Petroleum Company, Inc., by and through their counsel, on November 26, 2007, filed a Response to Objections of Defendants Pat's 66 (Civ. No. 07-1112 (DWF/AJB), Doc. No. 96) and a Response to Objections of Defendants CD Petro (Civ. No. 07-1501, Doc. No. 39).  Defendants CD Petro, by and through their

counsel, on November 26, 2007, filed a Response to Objections of Defendants Pat's 66 (Civ. No. 07-1501 (DWF/AJB), Doc. No. 40).

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, as well as the procedural history of the case, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c).  The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Defendants' objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.	Defendants Pat's 66, Inc., Patrick D. Meyer, and Cynthia D. Meyer's objections (Civ. No. 07-1112 (DWF/AJB), Doc. No. 93) to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated November 6, 2007, are **DENIED**.

2.	Defendants CD Petro Marketing, LLC, and First American Enterprises, LLC's objections (Civ. No. 07-1501 (DWF/AJB), Doc. No. 36) to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated November 6, 2007, are **DENIED**.

3.	Magistrate Judge Arthur J. Boylan's Report and Recommendation dated November 6, 2007 (Civ. No. 07-1112 (DWF/AJB), Doc. No. 92; Civ. No. 07-1501 (DWF/AJB), Doc. No. 35), is **ADOPTED**.

  4. Plaintiff's Motion to Enforce Settlement Agreement (Civ. No. 07-1112 (DWF/AJB), Doc. No. 75; Civ. No. 07-1501 (DWF/AJB), Doc. No. 22) is **GRANTED** and Defendant Pat's 66, Inc.'s Motion to Enforce Settlement Agreement (Civ. No. 07-1112 (DWF/AJB), Doc. No. 84) is **DENIED.**

  5. An order for judgment is entered in favor of Plaintiff and jointly against Defendants as follows:

   a. Damages are awarded in favor of Plaintiff Sierra Petroleum Company, Inc., and against Defendants Pat's 66, Inc., Patrick D. Meyer, Cindy D. Meyer, CD Petro Marketing LLC, and First American Enterprises, LLC, in the amount of $330,000 plus five percent (5%) simple interest accruing from August 2, 2007;

   b. Damages are awarded in favor of Plaintiff Sierra Petroleum Company, Inc., against Defendants Pat's 66, Inc., Patrick D. Meyer, Cindy D. Meyer, CD Petro Marketing LLC, and First American Enterprises, LLC, for reasonable attorney fees, costs, and disbursements in the amount of $2,981 incurred by Plaintiff in moving to enforce the settlement agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 11, 2008     s/Donovan W. Frank
               DONOVAN W. FRANK
               Judge of United States District Court

**MEMORANDUM**

There is no question that a settlement agreement is enforceable upon agreement by the parties on all essential terms. *Ryan v. Ryan*, 193 N.W.2d 295, 297 (1971). The facts germane to the issue before the Court as to what occurred on August 1 and 2, 2007, are not in dispute. A settlement conference was conducted by Magistrate Judge Arthur J. Boylan on August 1 and 2, 2007. The Defendants in the two cases before the Court agreed to pay $330,000, plus interest, to Plaintiff Sierra Petroleum Company. Magistrate Judge Boylan made that clear in open court by stating, "It's a joint agreement and each of the Defendants are liable, as we've said." (Hr'g Tr. 11, Aug. 2, 2007.)

Pat's 66 acknowledges that after the terms of the settlement were stated on the record, all Defendants and their lawyers met in a conference room at the courthouse and, in a separate agreement that has appropriately been referred to as a side deal reached in a conference room outside the presence of the Magistrate Judge or the courtroom, agreed that Defendant CD Petro Marketing LLC would make the $300,000 payment to Sierra Petroleum that was due on or before October 1, 2007, and that Pat's 66 would then cause Pat's Fast Lube Inc. to convey a business known as the Tire and Lube Company to Defendant CD Petro as consideration for CD Petro making a $300,000 payment. Pat's 66 would then be responsible for the remaining $30,000 over a period of three years. This "off the record side deal" with Defendant CD Petrol Marketing LLC and First American Enterprises, LLC, was never incorporated by the Court and the parties into the settlement reached in the courtroom on August 2, 2007.

Federal courts are courts of limited jurisdiction.  There is no dispute that they possess only that power authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The fact that this Court has not dismissed the matter is not determinative because this Court never possessed original jurisdiction over the Defendants' subsequent side agreement reached in the conference room after the formal settlement reached in the courtroom before Magistrate Judge Boylan.  No federal statute creates a basis for federal court jurisdiction over a contract dispute.  Moreover, as observed in *Kokkonen*, the doctrine of ancillary jurisdiction does not apply because this was a side agreement reached subsequent to the settlement announced in the courtroom on August 2, 2007, that was not incorporated into that settlement.  *Id.* at 379.  Consequently, no independent basis exists for federal jurisdiction.

Admittedly, the result reached may well be different in state court in the State of Minnesota in part because it is a court of general jurisdiction.  However, as noted above, federal courts are courts of limited jurisdiction.  Any finding by this Court of inherent authority to enforce what has been referred to as a side agreement or side deal made, subsequent to the formal settlement in this case, would be contrary to the holding in *Kokkonen*.  That is precisely the reason why Magistrate Judge Boylan concluded his R&R by recommending that the remedy for Pat's 66 is to file a breach of contract action in the state court.

It is noteworthy that it is now early January 2008, more than 45 days after the briefing by the parties on the issue before the Court.  Given the silence of all parties, the

Court assumes that no one, as of the date of this Order, has complied with the settlement agreement of the parties, notwithstanding the fact that all parties asserted in November of 2007 that no one had repudiated the agreement.  Whether the parties can once and for all comply with the existing settlement agreement as ordered by the Court or settle all issues in the context of this Court's decision, is up to them.

For the reasons stated, the Court has adopted the R&R of Magistrate Judge Arthur J. Boylan, including an award of reasonable attorney fees.

D.W.F.